IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RAYMOND B.,** ) | |
| ) | No. 21 C 700 |
| **Plaintiff,** ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

Raymond B. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On December 12, 2017, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 17-27, 93, 108.) The Appeals Council ("AC") affirmed the ALJ's decision (R. 4-8), and its order is the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Moothart v. Bowen*, 934 F.2d 114, 116 (7th Cir. 1991) (stating that decision of Appeals Council, if there is one, not that of the ALJ, is the final decision of the SSA); 20 C.F.R. § 404.981 (stating that "[t]he Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding").

### Discussion

The Court reviews the AC's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the AC found that plaintiff had not engaged in substantial gainful activity since the amended alleged onset date, August 10, 2017 through March 31, 2018, his date last insured ("DLI"). (R. 4.) At step two, the AC found that, though the DLI, plaintiff had the severe impairments of "mild lumbar degenerative disc disease; lumbar sacroiliac (SI) joint sclerosis/osteophyte; chronic obstructive pulmonary disease (COPD), with tobacco abuse; bilateral foot metatarsalgia and hallux rigidus; bunion of the left foot, and history of left foot plantar wart; major depressive disorder; borderline personality disorder; alcohol use disorder; and cannabis

abuse disorder." (*Id.*) At step three, the AC found that, through the DLI, plaintiff's impairments did not meet or medically equal a listed impairment. (*Id.*) At steps four and five, the AC found that, through the DLI, plaintiff had the RFC to perform past relevant work and "there [were] a significant number of jobs [he was] capable of performing under the Framework of Medical-Vocational Rule 202.11," and thus he was not disabled. (R. 4-5.)

Plaintiff argues that the AC seriously understated plaintiff's mental limitations. The AC found that plaintiff was mildly limited in understanding, remembering, or applying information, and moderately limited in interacting with others, maintaining concentration, persistence or pace, and in his ability to adapt or manage himself. (R. 5); *see* Social Security Operations Manual § DI 34001.032, *available at*, SSA - POMS: DI 34001.032 - Mental Disorders - 03/24/2017 (last visited Dec. 14, 2021) (setting forth a five-point scale—no limitation, mild limitation, moderate limitation, marked limitation, and extreme limitation—for determining the effects a mental impairment has on a claimant's mental functioning). The ALJ's findings incorporate the limitations set forth in plaintiff's function report and echo those of the agency psychiatrists. (*See* R. 87-89, 103-05, 265-72.) Plaintiff does not identify any evidence the ALJ missed. Rather, he says the ALJ should have weighed the evidence differently. The AC adopted the limitations found by the ALJ. (R. 5.) The Court cannot accept plaintiff's request to "reweigh the evidence or substitute [its] judgment for that" of the ALJ, and ultimately the AC. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (noting standard for deferential review of ALJ decision making).

Plaintiff also argues that the RFC for light work that is "limited to simple and routine, 1-3 step instructions," has only "routine changes," and involves only "occasional contact with the general public . . . [and] co-workers" is not supported by substantial evidence. (R. 7.) But the agency psychiatrists endorsed this RFC (R. 89, 105), and the ALJ (whose opinion the AC largely

3

adopted) adequately explained why she rejected the contrary views of plaintiff's psychiatrist, Dr. Gibbons, and therapist, Laura Angel. (R. 25 (citing R. 758-61, 771-73 (rejecting Gibbons's opinion because he simultaneously claimed that plaintiff was not limited by his mental impairments and that those impairments would cause him to be off task more than thirty percent of a workday,[1] and Angel's opinion because she is not a doctor, the opinion was rendered months after plaintiff's DLI, and it cited no objective medical evidence)).) Because the ALJ "'minimally articulate[d] . . . her justification'" for accepting the opinions of the agency doctors regarding plaintiff's RFC and rejecting those of his treaters, the ALJ, and thus the AC, did not err. *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008) (quoting *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir. 2004)).

Plaintiff next argues that it was improper for the ALJ to "discount the seriousness of [plaintiff's] pulmonary/respiratory limitations," because of his "significant history of daily cigarette smoking." (R. 23; *see id.* (ALJ taking "judicial notice of the massive body of medical opinion regarding the deleterious effects of cigarette smoking," and concluding that plaintiff's conduct "[was] not consistent with that of a person who believes his disability is, even in part, due to a pulmonary/respiratory impairment").) This time the Court agrees. *See Shramek v. Apfel*, 226 F.3d 809, 813 (7th Cir. 2000) ("[I]t is extremely tenuous to infer from the failure to give up smoking that the claimant is incredible when she testifies that the condition is serious or painful. Given the addictive nature of smoking, the failure to quit is as likely attributable to factors unrelated to the effect of smoking on a person's health . . . . such as the addictive nature of the

---

[1] Plaintiff asserts that "the *only* conceivable explanation" for the inconsistency between the check box portion of the mental RFC form that Dr. Gibbons completed and his answers to the questions on that form about the off-task time plaintiff's impairments would cause is that Dr. Gibbons "misconstrued the instructions." (ECF 13 at 12) (emphasis in original). Clearly, Dr. Gibbons made some kind of error when he completed the form. But it is not clear which portion of the form, the check boxes or the answers to the off-task questions, the doctor intended to be controlling.

product. . . . This is an unreliable basis on which to rest a credibility determination."); *Rousey v. Heckler*, 771 F.2d 1065, 1070 (7th Cir. 1985) ("[I]t was illogical for the ALJ to conclude in his findings that Mrs. Rousey's 'allegations as to the severity of her chest pain is not credible in light of the fact that it does not prevent her from continuing to smoke a half-pack of cigarettes a day.'"); *Blessent v. Comm'r of Soc. Sec.*, No. 18-1262, 2019 WL 6702407, at *10 (Dec. 9, 2019) (reversing ALJ's decision in part because she used verbatim the language the ALJ used in this case to discount a smoker-claimant's subjective symptom allegations). Because plaintiff's significant smoking history is the only reason the ALJ gave for rejecting his claim that COPD made it hard for him to breathe (R. 23, 265), this case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Acting Commissioner's decision, denies the Acting Commissioner's motion for summary judgment [18], and remands this case to the Acting Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**SO ORDERED.**          **ENTERED:  August 25, 2022**

**M. David Weisman**
**United States Magistrate Judge**